FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; and NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TIM FORCE TIN SHOP, INC.,<br><br>　　　　　Defendant. | No. 2:24-CV-00312-RLP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is a motion to dismiss filed by Defendant Tim Force Tin Shop, Inc. ("Tim Force"), ECF No. 10. Plaintiffs Northwest Sheet Metal Workers Welfare Fund, Northwest Sheet Metal Workers Pension Fund, and Northwest Sheet Metal Workers Supplemental Pension Trust are represented by Daniel R. Hutzenbiler. Defendant Tim Force is represented by Adrian R. Lyons

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 1

and James John Astuno, Jr. This matter was submitted to the Court without oral argument.

Plaintiffs are labor-management trust funds. Plaintiffs' Complaint alleges that Tim Force agreed to a 2023-24 collective bargaining agreement which required it to make contributions to Plaintiffs, which it failed to do. Plaintiffs bring suit under Section 502(a) and 515 of the ERISA, which create a private cause of action for a multiemployer employee benefit plan where an employer fails to make contributions as required by a CBA. Tim Force moves to dismiss the Complaint under FRCP 12(b)(6), denying that it agreed to the CBA and arguing that Plaintiffs' allegations to the contrary are "legal conclusions," not plausible factual allegations.

For the reasons discussed below, Tim Force's motion to dismiss is denied.

## BACKGROUND

Plaintiffs are labor-management trust funds administered in Washington. ECF No. 1, ¶¶2-4. Tim Force is a sheet metal contractor located in Casper, Wyoming. *Id.*, ¶5.

Plaintiffs filed their Complaint in this action asserting a claim under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), for overdue contributions and liquidated damages they allege Tim Force owes them. *Id.*, ¶¶13-17. Plaintiffs allege:

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 2

7. Sheet Metal Workers Local 103 (Local 103) filed an Unfair Labor Practice with the National Labor Relations Board ("NLRB"), Case No. 27-CA-322370 (the "ULP"), against Tim Force to enforce a 2023-2024 Collective Bargaining Agreement ("CBA"). Defendant had initiated and engaged in negotiations with Local 103 during the summer of 2023 pursuant to the reopener provision of a multiemployer CBA that was in effect from July 1, 2022, to June 30, 2023. After these negotiations, Defendant agreed orally and in writing to the terms of a new 2023-2024 CBA. But a week later, Defendant refused to execute the 2023-2024 CBA. Defendant now claims that the 2023-2024 CBA does not have effect and has refused to adhere to the CBA. The NLRB found merit to Local 103's ULP charge on May 8, 2024, and issued a complaint on July 17, 2024.

8. A valid CBA between Defendant and Local 103 was in effect at all times material hereto. By that agreement Defendant Tim Force became obligated to make monthly contributions to Plaintiffs Welfare, Pension, and Supplemental Pension Trusts, as well as other funds, on behalf of employees represented by Local 103. By that agreement Defendant also became obligated to comply with the terms of the trust agreements adopted by Plaintiffs.

9. Defendant has also agreed to and has received money from its Local 103 employees, as part of the employees' after-tax wages, which Defendant is and was obligated monthly to deposit into each employee's account or submit to Local 103 as part of each employee's dues obligation. Defendant holds such money in trust.

10. Payments due to the various Plaintiff and non-plaintiff Trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant.

11. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month.

12. Defendant submitted hours reports to the Trust Administrator but failed to make timely contributions for July 2023 through present, despite its obligation under the CBA and trust agreements to do so and despite demand by Plaintiffs. Under Plaintiffs' conservative estimated calculations, the

Defendant owes $11,730.36 for July 2023 contributions; $9,837.86 for August 2023 contributions; $9,352.16 for September 2023; $10,219.23 for October 2023 contributions; $11,416.62 for November 2023 contributions; $8,059.16 for December 2023 contributions; and $8,497.89 for January 2024 contributions for a total of at least $70,268.35 in delinquent contributions. However, Defendant failed to submit hours reports for February 2024, March 2024, April 2024, May 2024, or June 2024, and therefore Plaintiffs cannot calculate the total amounts owed at the time of filing.

*Id.*, ¶¶7-12.

Tim Force filed a FRCP 12(b)(6) Motion to Dismiss on March 11, 2025. ECF No. 10. Along with its motion, Tim Force filed a Declaration[1] from its owner, James Barankiewics, wherein he alleges Tim Force never agreed, orally or in writing, with Local 103 regarding a 2023-24 CBA. ECF No. 10-1.

## STANDARD OF REVIEW

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is proper only if there is either a "lack of a cognizable legal theory" or

---

[1] As Tim Force has presented matters outside the pleadings, the Court has the discretion to convert the motion to dismiss into one for summary judgment. FRCP 12(d). The Court declines to do so and excludes Mr. Barankiewics' declaration. Neither Tim Force nor Plaintiffs have briefed this motion as one for summary judgment, and Plaintiffs have not had an opportunity to present their own evidence to contest Tim Force's.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 4

"the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the Court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id*. at 556.

## ANALYSIS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 5

Under Section 502(a) of the ERISA, 29 U.S.C. § 1132(a), a private action may be brought by an employee retirement income security program to redress any violations of ERISA or the employee benefit plan. Section 515 of the ERISA, 29 U.S.C. § 1145, obligates employers to make contributions to a multiemployer plan if required to do so under the plan or a CBA.

Tim Force contends Plaintiffs' assertions that the 2023-24 CBA was "valid" and that it "agreed orally and in writing to the terms of a new 2023-2024 CBA" are legal conclusions without factual support. While the validity of the CBA is a legal conclusion, the allegations of the contract's existence and Tim Force's assent to it are factual and have been sufficiently pleaded. *See Eller v. City of Santa Rosa*, 2009 WL 3517610, at *5 (N.D. Cal. Oct. 23, 2009) ("Although mutual assent is a prerequisite for contract formation, an adequate pleading need only allege the contract's existence.").

Much of Tim Force's briefing is devoted to denying it ever assented to the 2023-24 CBA. This argument fails to recognize the applicable legal standard on a FRCP 12(b)(6) motion. The Court must take all Plaintiffs' allegations as true and view the allegations in a light most favorable to them. The fact Tim Force controverts the allegations of the Complaint is not yet relevant.

Here, Plaintiffs have alleged Tim Force agreed to the 2023-24 CBA, that the CBA required Tim Force to make monthly contributions to Plaintiffs, and that Tim

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 6

Case 2:24-cv-00312-RLP ECF No. 14 filed 05/06/25 PageID.69 Page 7 of 7

Force failed to make its contributions. Therefore, Plaintiffs alleged sufficient facts to allow the Court to draw an inference that Tim Force is liable under Section 502(a) of the ERISA for failure to make contribution that it was obligated to make under the 2023-24 CBA. Beyond the existence of a CBA to which Tim Force is a party, the circumstances surrounding the CBA's formation are not necessary to state a Section 502(a) claim. While Tim Force may assert a lack of mutual assent as a defense to Plaintiffs' claim, Plaintiffs are not required to pre-emptively rebut this defense with evidence in their Complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) Failure to State a Claim Upon Which Relief Can Be Granted, **ECF No. 10**, is **DENIED**.

DATED May 6, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO DISMISS * 7